IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| ANGELE ROSE REID, *et al.*, | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-16-3717 |
| OCWEN LOAN SERVICING, LLC, | * |
| Defendant. | * |

## MEMORANDUM OPINION

Plaintiff Angele Rose Reid[1] ("Plaintiff" or "Reid") brings this *pro se* action against Ocwen Loan Servicing, LLC ("Defendant") to quiet title on the real property located at 2305 Norlinda Avenue, Oxon Hill, Maryland 20745 ("the Property").[2] Now pending before the Court is Plaintiff's Emergency Stay Motion to Dismiss Foreclosure, ECF No. 4, and Defendant's Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6), ECF No. 12. A hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted, and Plaintiff's Emergency Stay Motion is thus denied as moot.

### I. BACKGROUND

The Court derives the following facts from Plaintiff's Complaint, ECF No. 2, public land records, and judicial records from the Circuit Court for Prince George's County and the U.S. District Court for the District of Maryland. The Court may consult these documents without

---

[1] The initial Complaint lists Cheryl R. Johnson as lead Plaintiff; however, as evident from the pleadings and subsequent filings, Angele Rose Reid is properly listed as lead Plaintiff in this action. The Clerk shall correct the docket accordingly.
[2] Plaintiffs originally filed in the Circuit Court of Maryland for Prince George's County on September 28, 2016. *See* ECF No. 2. Defendants removed the Action to this Court on November 15, 2016. *See* ECF No. 1.

converting the Motion to Dismiss into one for Summary Judgment. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (internal citations omitted).

On October 26, 2006, the Property was conveyed via Warranty Deed from Reid to Cheryl R. Johnson. *See* ECF No. 12-3 at 1.[3] To purchase the Property, Johnson obtained a purchase money loan ("the Loan") from New Century Mortgage Corporation for $403,750.00 and executed a Deed of Trust ("the Deed of Trust"). *See* ECF No. 12-4 at 1–2. On June 29, 2015, the Deed of Trust was assigned to Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-BR1, Mortgage Pass-Through Certificates, Series 2007-BR1 ("Deutsche Bank") at C/O Ocwen Loan Servicing LLC. *See* ECF No. 12-5 at 1. Substitute Trustees initiated foreclosure proceedings against Johnson in September 2015 following apparent default on the Loan. *See WBGLMC v. Johnson*, CAEF15-26303 (Cir. Ct. Prince George's Cty. Sept. 9, 2015) (the "Foreclosure Action").[4]

The Property has traced a tortured history throughout the Maryland courts. On June 16, 2011, Deutsche Bank filed suit against Reid and Johnson in the Circuit Court for Prince George's County. *Deutsche Bank National Trust v. Reid*, CAE11-14694 (Cir. Ct. Prince George's Cty.

---

[3] Although the October 26, 2006 Warranty Deed appears to bear Reid's signature, ECF No. 12-3 at 1, Reid has claimed throughout years of litigation that either her signature was forged on this document, or that the conveyance was effectuated through fraud. *See* ECF No. 12-7 at 17 ¶ 59; ECF No. 12-10 at 11–12 ¶¶ 59–61; ECF No. 18 at 2 ¶ 4, 3 ¶ 10, 4 ¶ 14. This theory has been implicitly, if not expressly rejected by three different courts. *See* ECF No. 12-8 at 1; ECF No. 12-9 at 3; ECF No. 12-11 at 9. The Court need not determinatively resolve this fact for purposes of this Opinion, however, because Plaintiff's Complaint is subject to dismissal under principles of res judicata.
[4] *See* Maryland Judiciary Case Search Results, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=CAEF1526303&loc=65&detailLoc=PGV (last visited August 1, 2017).

June 22, 2011) (the "First Lawsuit").[5] Deutsche Bank sought, among other things, a declaratory judgment that Reid had "no claim or rescissionary interest in the Property affecting Deutsche Bank's interest," that "the Deed of Trust is a valid and enforceable interest/encumbrance/lien against the Property," and that "Deutsche Bank (as secured party under the Deed of Trust) has superior, right, title, and interest." ECF No. 12-6 at 5. In response, Reid filed counterclaims against Deutsche Bank and cross-claims against Johnson, requesting declaratory relief and an injunction for quiet title. In her Cross and Counter Complaint, Reid specifically sought a declaration that she "is the absolute owner of the property," that "any deed recorded by defendant Cheryl R. Johnson as a result of the purported transfer of the property is void ab initio," and that "[Reid] has complete, sole, and uninterrupted ownership and rights in the property . . ." ECF No. 12-7 at 23–24.

In an Order issued July 23, 2012, docketed on July 30, 2012, the Circuit Court for Prince George's County ratified the October 26, 2006 conveyance of the Property from Reid to Johnson, held that the Deed of Trust is "a valid and enforceable lien" against the Property, and ordered Reid to vacate the Property within 15 days. ECF No. 12-8 at 1–2. Reid's counterclaims were dismissed with prejudice. *Id.* at 2. The Circuit Court denied Reid's requests for reconsideration, and Reid appealed the decision to the Maryland Court of Special Appeals. *See* ECF No. 12-9 at 2. Reid presented several questions for review, including whether the Circuit Court erred by ratifying and confirming the conveyance, or by ordering Reid to vacate the Property. *See id.* at 2–3. On June 4, 2014, the Court of Special Appeals issued a thirteen-page opinion, affirming the decision of the Circuit Court. *See id.* at 3.

---

[5] The First Lawsuit is cited herein as ECF Nos. 12-6 (June 16, 2011 Deutsche Bank Complaint); 12-7 (Sept. 19, 2011 Reid's Answer and Cross and Counter-Complaint), 12-8 (July 23, 2012 Order from Circuit Court for Prince George's County); and 12-9 (June 4, 2014 Opinion of the Maryland Court of Special Appeals).

On July 12, 2012, Reid filed suit against New Century Mortgage Corporation a/k/a Deutsche Bank, Johnson, and others in the U.S. District Court for the District of Maryland. *Reid v. New Century Mortg. Corp.*, No. 8:12-CV-02083-AW, 2012 WL 6562887, at *1 (D. Md. Dec. 13, 2012) (the "Second Lawsuit").[6] Plaintiff Reid again requested declaratory relief and an injunction for quiet title on the Property. ECF No. 12-10 at 18–21. Specifically, Plaintiff sought a declaration that "plaintiff enjoy undisturbed ownership of the property," that "any deed recorded by Cheryl Johnson as a result of the purported transfer of the property is void ab initio," and that "plaintiff has complete, sole and uninterrupted ownership and rights" in the Property. *Id.* at 18–19. Defendants moved to dismiss. The Court dismissed the claims against Deutsche Bank on principles of res judicata, finding that "the [the First Lawsuit] involved the same parties," and Plaintiff's claims before it were "essentially equivalent." ECF No. 12-11 at 5. In its opinion, the Court also noted that allowing Plaintiff to litigate her claims against Deutsche Bank would "unduly interfere with the state court's resolution of what is, at bottom, a quiet title action." *Id.* at 6. The Court closed the case with prejudice. *Id.* at 9.

On March 15, 2016, Reid initiated yet another action against New Century Mortgage Corporation a/k/a Deutsche Bank and Ocwen Loan Servicing in the Circuit Court for Prince George's County. *Reid v. New Century Mortg. Corp.*, CAE16-07557 (Cir. Ct. Prince George's Cty. March 15, 2016) (the "Third Lawsuit").[7] Plaintiff again petitioned the court to quiet title on the Property. In that complaint, Plaintiff made allegations nearly identical to the statements in her Complaint *sub judice*, including that Defendants are "not Holder/holder in Due Course of the 'authentic original unaltered Promissory Note'" and "Plaintiff specifically challenges the debt

---

[6] The Second Lawsuit is cited herein as ECF Nos. 12-10 (July 12, 2012 Complaint); 12-11 (Dec. 13, 2012 Opinion by Judge Williams).
[7] The Third Lawsuit is cited herein as ECF Nos. 12-12 (Mar. 15, 2016 Plaintiff's Action to Quiet Title); 12-13 (May 4, 2016 Order).

instrument that give[s] rise to any lien instrument." *Compare* ECF No. 12-12 at 1–5, *with* ECF No. 2 at 1–2. On May 4, 2016, the Circuit Court for Prince George's County granted Ocwen's and Deutsche Bank's Motion to Dismiss, and dismissed Plaintiff's Complaint with prejudice. ECF No. 12-13.

Plaintiff has now filed the current action with this Court to quiet title against Ocwen Loan Servicing. *See* ECF No. 2. Plaintiff once again claims that Defendants are "not Holder/holder in Due Course of the 'authentic original unaltered Promissory Note,'" and "Plaintiff specifically challenges the debt instrument that give[s] rise to any lien instrument." *Id.* at 2. Plaintiff also makes vague and conclusory allegations that "there is not a meeting of the minds as to the contract agreement," that "this is fraud by misrepresentation of a material fact," and proclaims that "the contract is to be deemed void." *Id.* at 3. Defendant Ocwen has moved to dismiss. ECF No. 12. Plaintiff filed an Opposition. ECF No. 18. Having reviewed the submissions, the aggregate of prior court records, and relevant authorities, the Court now grants Defendant's Motion to Dismiss.

## II. STANDARD OF REVIEW

Defendants may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543,

5

548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50) (1989)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Fed. R. Civ. P. 8(a) further provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Although "no technical forms of pleading are required, a complaint must 'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Engle v. United States*, 736 F. Supp. 670, 671 (D. Md. 1989), *aff'd*, 902 F.2d 28 (4th Cir. 1990) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The Court is not obligated to accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. ANALYSIS

The doctrine of res judicata, or claim preclusion, "bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009). Res judicata constitutes a ground for dismissal under Rule 12(b)(6). *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 720 (4th Cir. 2006) (citing *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (holding that dismissal on res judicata grounds is proper under Rule 12(b)(6) unless a disputed issue of material fact exists)). A Rule 12(b)(6) dismissal based on res judicata is only appropriate, however, when the basis for res judicata "clearly appears on the face of the complaint." *Theune v. U.S. Bank, N.A.*, No. MJG-13-1015, 2013 WL 5934114, at *3 (D.Md. Nov. 1, 2013) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

In order for res judicata to bar a claim, three elements must be present: (1) the present parties are the same or in privity with the parties in the earlier dispute; (2) the earlier dispute was based upon the same cause of action, and (3) there has been a final judgment on the merits. *See Ohio Valley*, 556 F.3d at 210 (internal citations omitted); *accord Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1037 (Md. 2005).[8]

---

[8] The applicable law for purposes of res judicata is the law of the tribunal in which the prior judgment was entered. *See Leftridge v. Matthews*, No. CIV.A. ELH-11-3499, 2012 WL 1377060, at *4, n.7 (D. Md. Apr. 18, 2012) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)) (applying federal law regarding res judicata). When a federal court litigant asserts res judicata based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra*, 465 U.S. at 81 (1984). Here, Reid has prior suits in both state court and federal court. Because the elements for claim preclusion under Maryland law and federal law are essentially equivalent, the difference has no bearing here.

With respect to the first element, it is evident from the face of the Complaint and prior court records that Plaintiff Reid was a party to all three Lawsuits, and Defendant Ocwen was a party to the Third Lawsuit and in privity with Deutsche Bank, who was a party to all three Lawsuits. "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 572–73 (D. Md. 2000). Because Ocwen and Deutsche Bank share a mutuality of interest with respect to the Property, they are in privity for res judicata purposes. *See, e.g., Young v. Ditech Fin., LLC*, No. CV PX 16-3986, 2017 WL 3066198, at *6 (D. Md. July 19, 2017) (finding noteholder, Substitute Trustees, and loan servicer were in privity for res judicata purposes); *Modderno v. Ocwen Loan Servicing, LLC*, No. 1:17-CV-77 (JCC/TCB), 2017 WL 1234287, at *3 (E.D. Va. Apr. 4, 2017) (noting that "loan servicers are regularly found to be in privity with the lender on whose behalf they are servicing the loan"); *Oikemus v. Fid. Mortg. Servs., Inc.*, No. CIV.A. WMN-13-3899, 2014 WL 4272022, at *1 (D. Md. Aug. 28, 2014) (finding "holder or servicers of the Note and Deed of Trust" to be in privity with substitute trustees).

In regards to the second element, "same cause of action," the Court "need not find that the plaintiff in the second suit is proceeding on the same legal theory [she] . . . advanced in the first suit." *Ohio Valley*, 556 F.3d at 210. So long as "the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Id.* (internal quotations omitted); *accord Kent Cty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987) (approving use of the "transaction" test to determine claim preclusion); *see also Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (noting that "[u]nder the transaction test, a 'claim' includes all rights of the plaintiff to remedies against

8

the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose.").

Here, not only does Plaintiff's suit arise out of the same transaction as the First, Second, and Third Lawsuits, her theory and most of her allegations appear to be identical as well. In every suit, Plaintiff has claimed that she is the rightful owner of the 2305 Norlinda Avenue Property, and that the Deed of Trust is null and void. Plaintiff's Counterclaims in the First Lawsuit request a declaration and injunction for quiet title on the 2305 Norlinda Avenue Property, and asserts that the Deed is void. *See* ECF No. 12-7 at 23–24. Plaintiff's Claims in the Second Lawsuit again seek declaratory and injunctive relief that she enjoy complete ownership of the 2305 Norlinda Avenue Property, and that any Deed recorded by Johnson to be void. ECF No. 12-10 at 18–19. Plaintiff's Third Lawsuit mirrors the request "to quiet title" that she makes now. ECF No. 12-12 at 1. There can be no dispute that the suit at issue arises out of the same transaction as prior suits, and is indeed equivalent to the suits raised and litigated before.

Finally, there has been a final judgment on the merits. "[F]inal judgment includes any prior adjudication of an issue in another action *that is determined to be sufficiently firm to be accorded conclusive effect,* based on factors such as whether the parties were heard in the issue and whether the decision was appealable." *Graves v. OneWest Bank, FSB,* No. PWG-14-1995, 2015 WL 2452418, at *5 (D. Md. May 20, 2015), *aff'd sub nom., Graves v. Onewest Bank, FSB,* 653 F. App'x 788 (4th Cir. 2016) (citing *Morgan v. Morgan,* 68 Md. App. 85 (Md. Ct. Spec. App. 1986)) (emphasis in *Morgan*). Unless the court specifies otherwise in its order, any dismissal "other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." *Frank v. Home Depot, U.S.A., Inc.,* 481 F. Supp. 2d 439, 442 (D. Md. 2007) (citing Fed. R. Civ. P. 41(b)). Moreover,

"indisputably, under Maryland law, a dismissal 'with prejudice' qualifies as an adjudication 'on the merits.'" *Church v. Maryland*, 180 F. Supp. 2d 708, 748 (D. Md.), *aff'd*, 53 F. App'x 673 (4th Cir. 2002) (citing *Wooddy v. Wooddy*, 270 Md. 23 (1973)).

In Reid's case, the Circuit Court for Prince George's County dismissed her counterclaims in the First Lawsuit with prejudice. ECF No. 12-8 at 2. The Maryland Court of Special Appeals issued a written opinion and affirmed the decision of the Circuit Court. ECF No. 12-9 at 3. In the Second Lawsuit, the U.S. District Court for the District of Maryland also considered Plaintiff's complaint, issued a written opinion, and dismissed Plaintiff's claims with prejudice. ECF No. 12-11 at 9–10. In the Third Lawsuit, the Circuit Court for Prince George's County again dismissed Plaintiff's Complaint with prejudice. ECF No. 12-13 at 1. Accordingly, there has been a final judgment on the merits with respect to Reid's claims regarding the Property. For these reasons, the instant Complaint must be dismissed on grounds of res judicata.

Even if not barred by res judicata, Plaintiff's Complaint would be dismissed for failure to state a claim. Although a Complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level, as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). While *pro se* complaints are to be construed liberally, "[p]rinciples requiring generous construction . . . are not, however, without limits . . . [and the Court] cannot be expected to construct full blown

claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In addition to being barred by res judicata, Plaintiff's Complaint is confusing, vague, and conclusory. Her Opposition does nothing to cure the pleading deficiencies of the Complaint, nor does it respond to Defendant's arguments in the Motion to Dismiss. Plaintiff therefore fails to comply with Rule 8(a), and her Complaint is subject to dismissal under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 12, is granted, and Plaintiff's Emergency Stay Motion, ECF No. 4, is denied as moot. A separate Order follows.

Date: August 11, 2017

GEORGE J. HAZEL
United States District Judge